PER CURIAM.
In this case, Sea Colony, Inc. submitted a development site plan to the Town of Lauderdale-By-The-Sea (the “Town”) for approval. When more than three months passed and the Town had failed to process the site plan and to respond to letters requesting such processing, Sea Colony filed a petition for writ of mandamus, insisting the language of recently-adopted resolution 2005-08 imposed a ministerial duty on the Town to process its application. The trial court agreed and granted the petition. We affirm the trial court’s decision, finding no error in the trial judge’s reading of the resolution’s language and no merit in the Town’s claim that mandamus was not an appropriate vehicle for resolution of the dispute between it and Sea Colony. In our view, the plain language of the resolution supports Sea Colony’s claim that since its site plan was submitted prior to the date of the *569 resolution, the Town was bound to review it. In so holding, we express no opinion regarding whether Sea Colony’s application should be approved or denied; neither do we venture to opine which zoning standards should be applied by the Town during the application process.

Affirmed.

STEVENSON, C.J., and POLEN, J., concur.
TAYLOR, J., dissents without opinion.